1

2

3                        UNITED STATES DISTRICT COURT

4                             DISTRICT OF NEVADA

5                                     * * *

6    JONATHAN MUNDO,                          Case No. 3:18-cv-00543-MMD-WGC

7                            Plaintiff,                   ORDER

          v.
8

9    DAWN JONES, *et al.*,

10                          Defendants.

11

12          This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. §

13   1983 by a state prisoner. (ECF No. 1-1.) On October 1, 2019, the Court issued a screening

14   order dismissing the complaint with leave to amend and directed Plaintiff Jonathan Mundo

15   to file an amended complaint within thirty days. (ECF No. 10.) On October 17, 2019,

16   Plaintiff requested an extension of time to file an amended complaint. (ECF No. 12.) On

17   October 21, 2019, the Court granted Plaintiff's request and directed Plaintiff to file an

18   amended complaint by December 30, 2019. (ECF No. 13.) The time to file an amended

19   complaint has passed, and Plaintiff has not filed an amended complaint or requested any

20   further extension of time.

21          District courts have the inherent power to control their dockets and "[i]n the exercise

22   of that power, they may impose sanctions including, where appropriate . . . dismissal" of a

23   case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

24   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

25   action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v.*

26   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local

27   rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for

28   failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order extending Plaintiff's time to file an amended complaint until December 30, 2019, expressly stated: "It is further ordered that, if Plaintiff fails to timely file his first amended complaint, Plaintiff's federal claims will be dismissed with prejudice for failure to state a claim, and Plaintiff's state law claims will be dismissed without prejudice due to a lack of jurisdiction." Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint

1  by December 30, 2019.

2       It is therefore ordered that this action is dismissed in its entirety. Plaintiff's federal

3  claims are dismissed with prejudice, and Plaintiff's state law claims are dismissed without

4  prejudice, based on Plaintiff's failure to file an amended complaint in compliance with this

5  Court's October 21, 2019, order. (EFC No. 13.)

6       It is further ordered that the motion to proceed *in forma pauperis* (ECF No. 5) is

7  denied as moot.

8       It is further ordered that the Clerk of Court will enter judgment accordingly.

9       DATED THIS 14th day of January 2020.

10

11  _____

    MIRANDA M. DU

12      CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28